IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-219-FL

| | |
|---|---|
| ROBIN A. CLINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-26 & 32). The time for filing any responses or replies has expired, and, therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-26) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-32) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on June 23, 2007, alleging disability beginning April 13, 2006. (Tr. 122). Her claim was denied initially and upon reconsideration. *Id*. A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated January 27, 2010. *Id*. at 8-17. The Social Security Administration's Office of Disability Adjudication and Review ("Appeals Council") denied

Plaintiff's request for review on August 25, 2010, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1. Plaintiff appealed that decision to this Court, and, on August 4, 2011 the matter was remanded for further proceedings. Clinton v. Astrue, 5:10-CV-441-FL, (DE's 30-31). On remand, the ALJ again determined that Plaintiff was not disabled in a decision dated April 17, 2012. (Tr. 443-455). This decision became final when the Appeals Council declined to assume jurisdiction on July 31, 2012. *Id*. at 434. Plaintiff filed the instant action on September 24, 2012. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is

2

limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2006. (Tr. 445). At step two, the ALJ found that Plaintiff had one severe impairment: residual pain and limitations from left ankle fracture. *Id.* However, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 447. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. *Id.* Then, based on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of

performing her past relevant work. *Id*. at 454. Accordingly, the ALJ determined that Plaintiff had not been under a disability during the relevant time period. *Id*. at 455.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. 2012), *Report and Recommendation Adopted by*, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence.

Plaintiff's assignments of error essentially contend that the ALJ incorrectly weighed the evidence, and that the ALJ's determinations were not supported by substantial evidence. In short, Plaintiff generally requests that this Court re-weigh the evidence in her favor. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, her claims are without merit. As noted above, each of the ALJ's findings were supported by substantial evidence, which shall now be summarized.

During several examinations, Plaintiff had no muscle pain, cramps, and/or weakness. *Id*. at 269, 370, 376, 427, 742. Likewise, she often demonstrated a normal gait and/or full muscle strength. *Id*. at 270, 271, 272, 273, 277, 299, 301, 354, 355, 370, 383, 387, 396, 403, 427, 638, 691, 709, 710, 739, 760, 762, 765. In addition, during other examinations, Plaintiff had no: 1) arthritic-type changes of the joints; 2) joint inflammation; 3) joint pain; 4) restriction of joint motion; 5) joint stiffness; 6) joint swelling; 7) joint tenderness; or 8) joint weakness. *Id*. at 370, 376.

4

On May 31, 2006, it was noted that a recent MRI revealed minimal spondylosis and no compressive canal or foraminal stenosis. *Id*. at 314. Plaintiff was able to toe and heel walk. *Id*. at 315.

During a July 13, 2006 examination, Plaintiff did not describe "any significant weakness." *Id*. at 191. Plaintiff's strength and sensation were "totally normal" in her lower extremities. *Id*. Dr. Barry Katz stated that a MRI of Plaintiff's lumbar spine "certainly [did] not explain all of her symptoms." *Id*. On August 10, 2006, Dr. Katz stated that Plaintiff's MRI did not show significant stenosis. *Id*. at 194. He also indicated that Plaintiff was "not having much in the way of lower extremity-type symptoms." *Id*. Plaintiff's strength and sensation were normal in the legs. *Id*.

Plaintiff was capable of exercising on a treadmill for approximately six minutes on December 1, 2006. *Id*. at 344.

Plaintiff was examined by Dr. L Davis Frederick on April 24, 2007. *Id*. at 211. She was "doing very well" and demonstrated only "a little bit of tenderness about her ankle." *Id*. Dr. Frederick opined that Plaintiff would "gradually get better and there is nothing much more to do at this time." *Id*.

On May 2, 2007, nerve conduction studies and EMG of Plaintiff's left leg were within the normal range. *Id*. at 196.

Dr. Daniel Poole examined Plaintiff on June 13, 2007. *Id*. at 204. Plaintiff had normal muscle tone and full strength in all four extremities. *Id*. at 205. She was able to arise from a sitting position without difficulty and her gait was normal. *Id*.

Plaintiff's RFC was assessed on August 15, 2007. *Id*. at 229. It was determined that Plaintiff could: 1) occasionally lift and/or carry 50 pounds; 2) frequently lift and/or carry 25

pounds; and 3) stand, walk, or sit about six hours in an eight hour workday. *Id*. at 230. No postural, manipulative, visual, communicative or environmental limitations were noted. *Id*. at 230-233.

On October 18, 2007, Dr. April Strobel-Nuss opined that Plaintiff did not have any medically determinable mental impairments. *Id*. at 252.

During a January 19, 2008 examination, Plaintiff exerted poor effort. *Id*. at 239. Nonetheless, she required no assistance to get on and off the examination table or to take off and put on her shoes. *Id*. at 239-240. Her gait was slow but steady, and she did not require an assistive device for ambulation. *Id*. at 240. Plaintiff had full muscle strength in her upper and lower extremities. *Id*. at 241. Based on this examination, Dr. Obiefuna Okoye determined that Plaintiff: 1) should be able to stand and walk for about six hours in an eight-hour workday; 2) should be able to sit with no restrictions; 3) did not require an assistive device for ambulation; and 4) should be able to lift 25 pounds occasionally and 10 pounds frequently. *Id*. at 241-242.

Dr. E. Woods assessed Plaintiff's RFC on January 29, 2008. *Id*. at 243. It was determined that Plaintiff could: 1) occasionally lift and/or carry 50 pounds; 2) frequently lift and/or carry 25 pounds; and 3) stand, walk, and sit four about six hours in an eight hour workday. *Id*. at 244. No postural, manipulative, visual, communicative or environmental limitations were noted. *Id*. at 245-247.

Plaintiff was able to move onto the exam table easily on September 4, 2008 and she did not have an antalgic gait. *Id*. at 376.

On January 22, 2009, Plaintiff's strength was equal bilaterally in her upper and lower extremities. *Id*. at 322. Plaintiff had "an antalgic gait that normalizes after several steps." *Id*.

Dr. Lee Surkin stated on March 13, 2009 that, per Plaintiff, a diagnosis of multiple

sclerosis had been ruled out by neurologic testing. *Id*. at 385.

It was noted that Plaintiff exercises daily on May 11, 2009, and she denied any musculoskeletal symptoms on May 14, 2009. *Id*. at 366, 383.

During a September, 2009 psychological exam, it was noted that Plaintiff did not "show significant impairments in her ability to interact with others in socially appropriate ways." *Id*. at 430. It was also noted that Plaintiff "is likely to report a variety of physical and neurological-like symptoms that may include generalized and vague pain, balance and coordination difficulties, and generally reduced levels of stamina." *Id*.

On September 30, 2009 it was noted that Plaintiff "still tries to walk and ride an exercise bike as much as possible." *Id*. at 770.

Plaintiff did not have an antalgic gait on November 30, 2009 and was able to move onto the exam table easily. *Id*. at 622. It was noted that clinics in Greenville and Chapel Hill were "unable to prove" a diagnosis of multiple sclerosis for Plaintiff. *Id*. at 623.

Dr. Peter Morris stated on August 28, 2010 that Plaintiff could take care of her personal needs without any assistance. *Id*. at 657. Plaintiff was able to ambulate, get on and off the examination table, and take off her shoes without assistance. *Id*. at 659. It was noted that the cane Plaintiff was using "did not change her gait on physical examination." *Id*. at 660. She had full muscle strength in both her upper and lower extremities. *Id*. at 661. After this examination, Dr. Morris opined that Plaintiff could: 1) sit, stand and/or walk about six hours in an eight hour workday with periodic breaks; 2) occasionally lift 20 pounds; and 3) frequently lift 10 pounds. *Id*. at 662. He also indicated that Plaintiff's assistive device was not medically necessary. *Id*.

Plaintiff had "no complaints" on September 14, 2010. *Id*. at 745.

On February 4, 2011, Dr. Asha Kohli opined that Plaintiff would be able to handle any

7

awarded benefits in her own best interest. *Id*. at 704. He also indicated that Plaintiff: 1) is able to understand, retain and follow instructions; 2) could sustain attention to perform simple repetitive tasks; and 3) could relate to others including fellow workers and supervisors. *Id*.

Dr. Poole stated on February 10, 2011 that Plaintiff's "brain MRI, cervical MRI, CSF studies, [and] EMG/NCV studies are all negative." *Id*. at 708. Plaintiff's balance and gait were intact and she demonstrated no motor weakness. *Id*.

Plaintiff argues that the ALJ erred in assessing Plaintiff's RFC and credibility. She also contends that the ALJ inappropriately weighed medical opinion evidence. As noted above, Plaintiff's argument consists primarily of highlighting evidence that the undersigned should now re-weigh. However, the ALJ's findings in these areas was supported by substantial evidence, summarized above

An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3). Here, the ALJ's weighing of

the medical evidence was supported by substantial evidence.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record. SSR 96-7p, 1996 WL 374186, * 2. Again, the ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment.

Plaintiff's assignments of error are without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-26) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-32) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, July 10, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE